# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
CLERK'S OFFICE USDC PR

2025 JAN 8 PM 2:47

| | |
|---|---|
| BILLY CRESPO<br><br>Plaintiff<br><br>v.<br><br>Maite D. Oronoz Rodríguez, in his personal capacity and Chief Justice of the Supreme Court of Puerto Rico; Pabón Charneco in his personal capacity and Associate Justice; Rivera García in his personal capacity and Associate Justice; Estrella Martínez in his personal capacity and Associate Justice; Martínez Torres in his personal capacity and Associate Justice; Kolthoff Caraballo in his personal capacity and Associate Justice; Filiberti Cintron in his personal capacity and Associate Justice; Colón Pérez in his personal capacity and Associate Justice; Brignoni Mártir in his personal capacity and Presiding Judge of the Appeals Court; Candelaria Rosa in his personal capacity and Appellate Judge, Álvarez Esnard in his personal capacity and Appellate Judge; Díaz Rivera in his personal capacity and Appellate Judge; Cintrón Cintrón in his personal capacity and Appellate Judge; Rivera Marchand in his personal capacity and Appellate Judge; Rodríguez Flores in his personal capacity and Appellate Judge; Luis F. Padilla Galiano in his personal capacity and Municipal Judge; Tomás E. Báez Collado in his personal capacity and Municipal Judge; Maria Del P. Vazquez Muñiz in his personal capacity and Municipal Judge; Francisco Santiago López in his personal capacity and Municipal Judge; Ginny Marie Velez Carreras in his personal capacity and Municipal Judge; Carlos Gustavo Gonzalez Lopez in his personal capacity and Superior Judge; Sinia E. Perez Correa in his personal capacity and Municipal Judge; Jorge A. Arroyo González in his personal capacity and Municipal Judge; Soraya Méndez Polanco in his personal capacity and Municipal | CIVIL NO.<br><br>25-cv-1016 JAW |

| |
|---|
| Judge; Hasan El Musa Espitia in his personal capacity and Superior Judge; Rolando J. Matos Acevedo in his personal capacity and Municipal Judge; Dinorah Martín Haw in her personal capacity and Municipal Judge; Abid Quiñones Portalatin in his personal capacity and Superior Judge; Rodríguez Casillas in his personal capacity and Appellate Judge, Salgado Schwarz in his personal capacity and Appellate Judge, Ronda Del Toro in his personal capacity and Appellate Judge, Lcda. Terecita Rodriguez Rivera, in her capacity as executive director of CIPA, Other Judges represented by the fictitious name JOHN DOE, in his personal capacity who acts as Judges and couldn't be identified. |
| Defendants |

## COMPLAINT

1. I, Billy Crespo, of legal age, single, unemployed and resident of Cabo Rojo, Puerto Rico, hereby file this COMPLAINT against all those listed in the epigraph, in their personal capacity, and I ALLEGE:

2. 2. This complaint arises under the Constitution and laws of the United States, specifically under 42 U.S.C. §1983 and 28 U.S. Code § 351, for <u>damages caused during violations of fundamental rights</u>, **discrimination, <u>excess and abuse of authority</u>, <u>violation of due process, negligence and breach of duty</u>, deprivation of access to justice, application of excessive bail,** *deprived of liberty* **and** *imprisoned on two occasions for being forced to wear a mask to access the court where both the judge and other officials did not use it in the same room that they intended to force me to*, among other crimes and violations by the actors such as magistrates, judges and judges participating in the entire procedural tract of the cases before the chambers and tribunals of the Court of Justice of Puerto Rico. Who violated my civil and constitutional rights, during the judicial process for alleged administrative violations.

3. As a result of the arbitrary, unfair and negligent actions on the part of the trial judges, and consequently due to the discrimination and breach of ministerial duty on the part of the appellate and supreme judges, including the inaction, complicity and/or negligence of the presiding judge in charge of the highest hierarchy within

the Judicial Branch of Puerto Rico, I suffered and continue to suffer serious damage to my physical and emotional health, moments of anguish, psychological damage, among others.

4. Many of the judges in office within the Judicial Branch of Puerto Rico currently, without adequate direction and supervision, act in accordance with their political affinity and orientation. Without adequate supervision of their duties, authority and powers, in many instances they lack prior and continuous training and retraining, lack timely supervision and good and effective systems of functional discipline, corrective action, risk management and rights violations. Therefore, they cannot effectively fulfill their duties within the legal framework or act with broad, excessive and arbitrary discretion based on their political affinity. There is no transparency in processes or accountability.

5. Despite clear evidence of the need to act, the Government of Puerto Rico and the leaders of the Judicial Branch are involved in the widespread behaviors described above, and have not implemented significant, real, measurable and achievable reforms to address the institutional deficiencies that have resulted in violations of the Constitution and federal laws. Their failure to comply with and indifference to the law and the law has plunged the Department of Justice, the Police and the Judiciary into a crisis of legitimacy, as they have been left unpunished from the application of responsibilities and consequences.

6. This complaint is filed to enforce the First, Fourth and Fourteenth Amendments to the United States Constitution, the Bill of Rights and the Constitution of Puerto Rico.

## FACTS

7. Due to the multiple interventions and grievances caused by agents of the Puerto Rico Police Bureau who are completely unaware of what Individual Natural Rights and Constitutional Rights are, particularly those concerning free movement and enjoyment of public roads in search of happiness and sustenance.

8. The Secretary of the Department of Transportation and Public Works, who is the highest authority official in the administration of transportation and administration of Law 22-2000, assigned under the subordination of the Executive Branch, has failed in her ministerial duty to alert legislators during the multiple

draft amendments to the law about its deficiencies, gaps and vices of unconstitutionality, in addition to training, retraining, and preparing a memorandum where she assures the population that Law 22-2000 that they intend to implement complies with the Legislation, Federal Code and Jurisprudence applicable for the same purposes in what pertains to free movement and travel on public roads on private, non-commercial property.

9. To do this, it is essential to know the origins and birth of this law, to know on what basis, it was drafted, in addition to the reason for being, the purpose, scope and applicability of Law 22-2000, specifically on the definition of terms of this and its compliance with Title 18 U.S.C.

10. By virtue of our constitutional and human rights, we have challenged complaints and grievances on multiple occasions by going to the courts of Puerto Rico in search of assistance and justice. It is alleged that the provisions of said law are unconstitutional, since they limit the fundamental right to freedom of movement, create disproportionate harm and lack reasonable justification, which constitutes a serious violation of the rights of the citizens of Puerto Rico.

11. In addition to the foregoing, said facts, acts and negligence have caused economic and emotional damages to the plaintiff, due to the unfortunate, unnecessary, painful and preventable situations that we have been put through, as well as the fact that multiple Constitutional Rights have been violated, including that we have been deprived of the right to access justice, we have been publicly discriminated against, our dignity has been reduced to mockery and humiliation by preventing me from adequately defending myself, by violating, ignoring and mocking the Rules of Procedure and due process. All for being a layman in the law and unfortunately being in a situation of homelessness at this time due to health problems caused and aggravated precisely by an incident of aggravated assault, police brutality by an agent of the Puerto Rico Police Bureau.

12. As we mentioned before, there are many instances in which our rights to free movement, to enjoy public roads in search of happiness and sustenance free of coercion, intimidation and threats of deprivation of liberty and confiscation of our private property have been violated and infringed. Without going into detail about the cases, I will list them below as proof and evidence to be studied as part of this

lawsuit for the benefit and in favor of truth and justice. These cases are of high public interest and in no way is it intended to re-litigate any case. There is irrefutable evidence of the irregular, inconsistent, arbitrary and discriminatory way in which Law 22-2000 is implemented and how many cases are handled in court, due to the unconstitutionality of Law 22-2000 itself.

13. Cases in Mayagüez: **IACI202400297 to IACI202400301**. **Summary**: Illegal and arbitrary application of Law 22-2000; Case **resolved in favor of prosecution witness and facts in contempt, without being present at the hearing**. **Case MC-2024-0038**; presented before the Supreme Court where we have been discriminated against, denied access to justice, deprived of the right to due process and the right to ask the state for claims and redress of grievances, among other violations. All the above, because of the unconstitutionality of Law 22-2000, the ignorance of the constitutional rights of the officials responsible for its implementation and interpretation. **All evidence in the case file, available as soon as the requested case is accepted.**

14. Cases in Mayagüez: **IACI202400616 to IACI202400624**. **Summary**: Illegal, arbitrary and impartial application of Law 22-2000; We were not allowed to be heard, to confront the prosecution witness regarding the veracity of his testimony and knowledge of the alleged violations of the confusing, inconsistent and unconstitutional Law 22-2000. **Case MC-2024-0046**; filed before the Supreme Court where we have been discriminated against, denied access to justice, deprived of the right to due process and the right to ask the state to claim and redress grievances, among other violations. All the above as a result of the unconstitutionality of Law 22-2000, the ignorance of the individual constitutional rights of public officials responsible for its implementation and interpretation. **All evidence in the case file, available as soon as the requested case is accepted.**

15. Mayagüez cases: **I1TR202400163, I1TR202400164 I1CR2024-00258**. **Summary**: Illegal, arbitrary and impartial application of Law 22-2000; We were not allowed to be heard, to confront the prosecution witness regarding the truthfulness of his testimony and knowledge of the alleged violations of the confusing, inconsistent and unconstitutional Law 22-2000. Thus, in preparation for my defense, several

documents were requested from the court in advance of the trial date through motions, namely: Motion Requesting Discovery of Evidence, Motion Requesting Dismissal, Motion Requesting Re-recording of Rule 6 and Re-recording of the Trial, REQUEST FOR THE ASSIGNMENT OF EX OFFICIO LEGAL REPRESENTATION (OAT 1385) to assist us during the trial scheduled for August 27, 2024.

16. Ironically the Motions were registered as attended to on the Judiciary portal for the date of August 22, 2024. 4. The truth is that the motions were attended to and resolved unilaterally from the desks because we were not notified at any time about their determinations and even worse, we do not know the legal criteria in fact and law considered for such action by the court. Until then, the only Resolution received was the one issued on August 16, 2024, by Judge **Jorge A. Arroyo González**, who in summary stated that he had been informed of our request and that it was being entertained until the relevance of what was requested was demonstrated. In addition, he ordered those steps be taken to obtain legal representation prior to the hearing scheduled for August 27, 2024, granting 10 days to do so.

17. In compliance with the order, on August 22, 2024, we presented the Motions justifying the relevance of what was requested and the form (OAT 1385) APPLICATION FOR THE ASSIGNMENT OF EX OFFICIO LEGAL REPRESENTATION. As we mentioned above, they were recorded as attended to, but we were never notified, much less informed of the court's determinations in this regard.

18. We are seriously concerned and drawn to the simple, plain and irregular way in which the present litigious case was handled when it is a legal issue. On August 27, 2024, the day of the trial, we were surprised by the inhibition of the judge assigned to the case, Judge Jorge A. Arroyo González, who stated that since he intervened in another case which is pending resolution before the Appellate Court and to preserve the purity of the proceedings, avoid the appearance of improper conduct under the provisions of Canon 20 of the Judicial Ethics of 2005 in order to preserve public confidence in the judicial system and in impartiality in the adjudication of cases, he referred the case to the Hon. Maura Santiago Ducos, Regional Administrative Judge.

19. The truth is that Judge Arroyo, with full knowledge of all the details to which he refers in his request for Motu proprio Inhibition, overlooked them by circumventing and ignoring our writings to the court when he issued the Resolution of August 16, 2024, which is included in the file.

20. San German Cases: **I3CR202400077, I3CR202400078, I3TR202400151**. **Summary**: Illegal, arbitrary and impartial application of Law 22-2000; <u>We were not allowed to be heard, to confront the prosecution witness regarding the truthfulness of his testimony and knowledge of the alleged violations of the confusing, inconsistent and unconstitutional Law 22-2000.</u> **<u>We have been threatened, intimidated, humiliated and treated with contempt in open court; all of this is recorded in the court records for easy corroboration and validation.</u>**

21. Juana Diaz cases: **JD2024CR00308, JD2024CR00217, J2TR202400217**. **Summary**: Illegal, arbitrary and impartial application of Law 22-2000; <u>We were not allowed to be heard, to confront the prosecution witness regarding the veracity of his testimony and knowledge of the alleged violations of the confusing, inconsistent and unconstitutional Law 22-2000.</u> **<u>Transgression of my jurisdiction as a natural man. We have been threatened, intimidated, humiliated and treated with contempt in open court; everything is recorded in the court records for easy corroboration and validation</u>**.

22. Camuy cases: **C2TR2024-0187**. **Summary**: Illegal, arbitrary and impartial application of Law 22-2000; <u>We were not allowed to be heard, to confront the prosecution witness regarding the veracity of his testimony and knowledge of the alleged violations of the confusing, inconsistent and unconstitutional Law 22-2000.</u> **<u>We have been threatened, intimidated, humiliated and treated with contempt in open court, everything is recorded in the court records for easy corroboration and validation.</u>**

23. Mayagüez Case: **MZ2020CV01758**. **Summary**: Case where the application of illegal collection of the Clemente Label and the Joint Resolution that authorized it were challenged. The corresponding lawsuit was filed before the Mayagüez TPI where **the lawsuit was dismissed in an irregular, arbitrary and biased manner without even allowing us our day in court before an**

**argumentative hearing.** The truth is that *__we have been discriminated against, denied access to justice, deprived of the right to due process and the right to ask the state to claim and repair grievances, among other violations__*. All the above is due to the unconstitutionality of Law 22-2000, the ignorance of the constitutional rights of the public officials responsible for its implementation and interpretation.

24. Cases in Isabela related to T-Mobile Incident: A1CR202200101, A1CR202200099, A1CR202200128. Summary: Case related to the mandatory use of masks. This case was very badly handled by the Puerto Rican police. But even worse, by all the judges who attended it. The entire file shows all the evidence of violations of civil and constitutional rights. We made multiple efforts to get justice, but as in all the cases described above, being a LEGO in the law and indigent in each of our writings and appearances before the court we were mocked, discriminated against, ridiculed and the most unusual and regrettable thing has been the irreparable damage caused, where we were deprived of freedom on two occasions with the imposition of ridiculously excessive bail for the mere fact that the court and its judges wanted to usurp the medical profession, which is perhaps the one who has the power to recommend not to force the use of any medical device. In the case of the courts, there are ways to hear cases in private rooms and even by video conference, but the judges who heard this case chose to violate every one of the most basic principles of justice and imprisoned me on two occasions. The truth is that we have been discriminated against, denied access to justice, deprived of the right to due process and the right to ask the state to claim and repair grievances, among other violations. All of the above is due to excessive authority and discretion, discrimination, violations of the Rules of Procedure, violations of the Professional Ethics and of the Judiciary without the slightest sense of humanism, reasonableness with total disregard for justice and the dignity of this undersigned. All the above is amply supported in the case file to be validated and corroborated by this federal court where we go in search of help, justice and the vindication, cleansing, healing and restoration of the local justice system.

25. Office of Court Administration Complaint: **NUMBER: DJ-2022-58**: In our effort and fight for justice, we filed the corresponding complaint before the Office of Court

Administration Regarding: Violation of the Rules of Civil and Criminal Procedure; Violation of the Judiciary Law of the Commonwealth of Puerto Rico of 2003. (Act 201-2003, as Amended; Violation of the Rules of Judicial Discipline; Violation of the Code of Judicial Ethics; Violation of Canons of Judicial Ethics; Violation of the Code of Professional Ethics; Violation of the Code of Criminal Procedure of Puerto Rico; Violation of Law No. 1 of January 31, 2011, as amended "Internal Revenue Code for a New Puerto Rico", or "Internal Revenue Code of Puerto Rico; Violation of Law No. 1 of January 3, 2012, as amended "Organic Law of the Office of Government Ethics of Puerto Rico"; Commission of Improper Conduct Constituting a Violation of Art. II, Sec. 1, 7, 8, 9, 10, 11, 19 of the Constitution of the Commonwealth of Puerto Rico, L.P.R.A. Volume I, and Canons I, II, XI, XVI and XVII of Judicial Ethics, 4 L.P.R.A. Ap. IV-A; Violation of Constitutional Rights; Violations of Laws, Regulations and Judicial Procedures; Failure and negligence in the fulfillment of duty. In all our writings we were ignored and mocked, the file is available so that this honorable federal court can, within its power and authority, do justice and try to save the much-battered reputation and little confidence that most of the people have in the local judicial system. We beg for help not only for our own benefit but for the benefit of an entire people, and we are more than sure that none of the officials of this honorable federal court are unaware of, feel and sense because they are part of this same people who beg and plead for help from those responsible for the administration of justice.

26. Case **AG2022CV00734, AG2023CV00682, TS No.: CC -2023-0739**; In this case, we were unfairly and improperly charged fees that, according to the provisions of Law 141-2019, we were not required to pay, nor were we charged as a condition for receiving our application. Therefore, the law was violated, due process and procedural rules were not complied with. The truth is that we were deprived of access to justice by not being duly notified or having the unfair and improper amount charged returned, despite making the claim and citing jurisprudence that classifies such action as unjustified enrichment by the state. The most unusual and unlikely thing is that we reached the Supreme Court, and the honorable Curia that handled the case in a simple, plain and light manner dismisses our claim without the slightest depth of attention and even worse without any type of foundation in

fact and law as required by law and regulation. In short, we request assistance from this Federal Court to correct all the grievances and prevent them from continuing to occur. In our case, we have suffered enormous irreparable damage and the only thing we implore is that they stop, cease and desist from ignoring the laws, regulations in the administration of justice in a general and arbitrary manner when those involved are high-profile public officials or employees or that it harms the reputation of the leaders of any of the 3 branches of government. Let us remember that we are ALL equal before the law and the separation of powers and legal independence must fully exist.

27. Case **MZ2023CV01525, TA No.: KLAN202400138**; In this case, we were deprived of access to justice, with the Judiciary acting as if it were a defense attorney or a representative of the people as a prosecutor, violating due process and procedural rules. Insisting before the Court of Appeals, the judges made use of their broad discretion, which in our opinion is discrimination against us, having the power and authority to elevate the file and the transcripts as clearly provided in the rules of procedure, worse still, Law 141-2019 itself provides that all actions and notifications must be issued by the court itself, however, it was used as a subterfuge to violate our constitutional right of access to information and even worse, to justice. To this day, the supposed and alleged investigation has not been carried out or completed since in any investigation the parties must be interviewed and this subscriber has never been interviewed or attended to, despite the multiple follow-up actions to the case which are in the CIPA file. We request and urge this honorable federal court to review the entire file and consider ordering compliance with the laws with the corresponding reprimands and warnings according to the applicable law.

28. We request and ask that the case files be submitted in their entirety, the re-recordings of the hearings transcribed in honor of truth and justice. The truth of the facts described is documented and recorded for public records.

## ALLEGATIONS

29. In order not to be repetitive or redundant, in each of the cases there is ample evidence and arguments of the multiple violations of fundamental rights, violations of due process, violations and serious faults of the Rules of Procedure, the Canons

of Ethics of the judiciary and the Profession, negligence and failure to fulfill duty, discrimination and less value to individuals who are laymen in the law and economically and emotionally destitute on the part of the accused in the above-mentioned case.

30. From the accused who act as municipal judges, which is the first line that the population must attend to and request grievances by the system where we have been mocked, silenced, ridiculed, discriminated against, in short, we have been denied access to justice and our fundamental and constitutional rights have been violated. Subsequently, the accused, who act as judges in the Court of Appeals, having broad powers to hear, address and correct possible violations and grievances of the courts and trial judges, choose to ignore and overlook the errors pointed out and embark on a journey without logical sense and in a simple and general way endorse the irregularities pointed out, aggravating the damages and grievances of the undersigned.

31. Worse still, when we turn to the Supreme Court for help, the highest-ranking court within the Judicial Branch of government, we are mendacious, and openly ignored and mocked to such a degree that they do not even review and address the merits of the case. Rather, they deny us access to justice and the right to claim the correction of grievances by the state.

32. The Chief Justice, in her capacity as supervisor of all matters pertaining to the operations and conduct of proceedings in the courts of Puerto Rico under the Constitutionally constituted Judicial Branch, has acted negligently by failing to address complaints and claims filed or to adequately supervise the conduct of subordinate judges, public officials and servants under her jurisdiction.

33. The various supervisors within the hierarchy of the Judicial Branch have an affirmative duty to supervise and guide the conduct of their subordinates to ensure that they act within the scope of their functions and in accordance with constitutional norms and regulations.

34. The duty of supervision requires the supervisor to take reasonable measures to prevent subordinates from violating constitutional rights through the excessive use of discretion, authority or force.

35. In the present case, the defendants violated their affirmative duty as supervisors

     in case management and courtrooms to instruct, guide and control the conduct of subordinates and to avoid unreasonable or excessive and implausible accusations by providing false information in public documents.

36. This negligent supervision had as a direct consequence the violation of my constitutional rights, for which reason the defendants should be held civilly liable.

## VIOLATION OF CONSTITUTIONAL RIGHTS

37. The violation of my constitutional rights under the First and Fourth Amendments (freedom of speech and protection from unreasonable arrest and seizure), through the excessive use of force by police officers and/or public servants of the Commonwealth government.

38. As a government entity, the Commonwealth of Puerto Rico must provide essential services while fulfilling its duty to protect the safety of residents and constitutional rights. By failing to prevent and address the pattern of illegal and irregular practices within the Puerto Rico Police Department, Courts, and public servants, the Commonwealth failed to comply with its obligation to guarantee equal justice under the law.

39. The First Amendment protects the right of people to peacefully assemble and demonstrate. It is a fundamental principle of democracy that police and public servants of agencies facilitate lawful activities, even those that criticize the government. The defendants violated these rights by suppressing freedom of expression and lawful activities through the excessive use of force, authority and discretion.

40. We have been patient and persistent in the struggle to achieve justice. We have exhausted all known remedies by presenting and demonstrating the errors and violations committed in the handling of this case. We will recapitulate some of the arguments and indications of error that in our opinion warrant a rectification of the decision in the present case.

41. First, the decisions and actions of the court must be based on fact and law by the rules of procedure; failure to do so would constitute a gross violation of law and would be incompatible with the spirit and purpose of the provision. In addition, the guarantees that all members of the review panel had the opportunity to study the appeal in its entirety and on its merits are violated, fostering doubts that the

decisions were collegial.

42. Second, the error was made of not considering Rule 17.2 of Civil Procedure and issuing orders to avoid damages, on the contrary, they resolved in favor of one of the parties in the case an intervening agent in contempt of court, who mocked and ignored the summons order and never appeared. He was awarded with total impunity and ruling in his favor, actions of the Judiciary were seriously censurable and reprehensible.

43. Third; The error was made of not considering the provisions of Chapter VII, Rule 42 Judgment and Resolutions where it is stipulated that any determination of the Court that resolves any litigious matter and from which an appeal may be made must be based on fact and law.

44. Fourth; The judges and the court erred in considering findings of fact based **on non-oral testimony** since the public official intervener **disregarded the court order** and therefore did not have the credibility of the intervening agent and his alleged complaints.

45. Fifth; Please note that when a motion for reconsideration of a decision issued by a chamber is presented, it will be resolved by a chamber other than the one that issued the decision. In the applicable cases, the Motion for Reconsideration was attended to by several of the same judges who attended to the Initial Request, maintaining the same silence by not expressing or basing in fact and law the legal criteria, if any, for the determination presented by the court, **creating doubt and the appearance of impartiality, arbitrariness, negligence and breach of duty.**

46. Sixth; The request for oral hearings to dispel any doubt and to guarantee the transparency and purity of the adjudication process of the appeal was mocked and ignored.

47. Seventh; The request and form OAT1480 were ignored. If the request is denied, the Court will state in writing the reasons for such determination; https://poderjudicial.pr/Documentos/Educo/temas-legales/litigacion/Litigacion-estado-indigencia.pdf. For that reason, in the applicable cases, we do not know the criteria of reasonableness used by the honorable court to declare in an arbitrary and clearly discriminatory act that the appeals presented will be declared inadmissible and for which reconsiderations were respectfully requested, which were also ignored and mocked.

48. Most world-wide jurisprudence establishes that the omission of a party's arguments in the judgment may give rise to the nullity of the judgment. This nullity is known as "omission of inconsistency" and is based on the right of the parties to obtain a reasoned and legally founded judicial decision.

49. Considering the provisions of Article II of the Bill of Rights, Section 11: ...the accused shall enjoy the right to a speedy and public trial, to be notified of the **nature and cause of the accusation and to receive a copy thereof, to confront the witnesses against him, to obtain the compulsory attendance of witnesses in his favor, to have the assistance of counsel, and to enjoy the presumption of innocence. No one should be put at risk of being punished twice for the same offense.**

50. It appears that the defendants are exempt from the requirements of justifying their decisions and from strict compliance with the laws and regulations in their actions as representatives of the Judicial Branch of the Commonwealth of Puerto Rico.

51. In the cases presented, several of the provisions declared in Article II of the Bill of Rights have been violated, namely: **Section 1**; ...Our dignity, we have been discriminated against because of the social condition in which we currently find ourselves... **Section 4**; We are being deprived and restricted in our right to ask the government for redress of grievances, when as in the present case, the one who provokes and causes the harm and injury is the government itself. **Section 7**; They have staunchly refused to recognize our fundamental right to liberty and the enjoyment of property. We have been subjected to extremely stressful and onerous processes with the strategy and subterfuge of coercion and intimidation of being deprived of our liberty or property without due process of law for advocating for justice. We have repeatedly denied equal protection of the laws. **Section 8**; We have been violated and denied the right to protection of the law against abusive attacks on our honor, reputation and privacy, being the object of mockery, ridicule and contempt by various public officials of the government in multiple agencies such as DTOP, NPPR, Judicial Branch. **Section 11**; Our right to a speedy and public trial, to be notified of the nature and cause of the accusation, to face the prosecution witnesses, to obtain the compulsory appearance of witnesses in our favor, and to enjoy the presumption of innocence has been violated and undermined. On the contrary, we have been subjected to an extremely long and burdensome process, the presumption of innocence was ignored, worse still, **a decision was made in favor of a prosecution witness in contempt of court**, a non-existent witness in the trial, a witness that both the judge and these undersigned did not have the opportunity to confront or hear. The request for compulsory appearance of

witnesses, which was essential in our favor, was also not considered.

52. Additionally, we have been persecuted, intimidated, harassed and threatened for depriving us of our freedom by insisting on applying fines for alleged violations of Law 22-2000. Pretending to impose a day of jail for every $50.00 not paid, is this justice? Or is it a shameless and excessive coercive and extortionate method of the system in search of unjustified and illicit enrichment? When the truth is that no one will be imprisoned for debt, and much less if it is a man or woman in a state of indigence.

### PREVIOUS INCIDENTS INVOLVING THE PUERTO RICO POLICE DEPARTMENT AND THE CONSEQUENCES OF ARBITRARY, IRREGULAR AND GENERAL DECISIONS OF THE COURTS IN RECENTS NEW CASES

53. Consider the following Puerto Rican jurisprudences: 1. "Criminal Procedure Law" case: This case establishes that judges have the discretion to decide on the admissibility of evidence. Judges must balance the probative value of evidence with its potential to cause prejudice. 2. "Ramos v. E.L.A." (2009) *: This case highlights the principle that judges have some discretion when interpreting and applying laws, but this must be reasonable and not arbitrary. The decision highlights that decisions must be based on the law and reasonable considerations. 3. "Pérez v. E.L.A." (2015) *: In this case, the Supreme Court of Puerto Rico reaffirmed that judicial discretion must be exercised within the framework of the law and cannot be used to act against fundamental rights. The Court reaffirmed that judges must act with respect for constitutional rights and that any exercise of discretion that infringes on these rights will be considered abusive.

54. Consider the following US case law: 1. Sentencing Reform Act of 1984: This act seeks to limit judicial discretion in criminal sentencing by establishing guidelines that judges must follow. However, judges are still given the ability to consider individual factors in each case. 2. United States v. Booker (2005): This Supreme Court decision reaffirmed that sentencing guidelines are only advisory and that judges retain considerable discretion when imposing sentences. 3. Rothgery v. Gillespie County (2008): This case deals with the right to counsel and how judicial discretion plays a role in ensuring that the rights of the accused are respected in the criminal process. 4. *"Ashcroft v. Free Speech Coalition" (2002) *: This discusses how judicial discretion must be balanced with First Amendment protections,

showing that judges have a critical role in protecting fundamental rights while exercising their discretion.

55. These examples reflect how in both Puerto Rico and the United States, judicial discretion is a complex issue that is subject to rules and principles established by law and judicial precedents.

## DAMAGES

56. Como consecuencia de los hechos expuestos anteriormente, él sufrió daños que incluyen:

    a. <u>Daños emocionales</u>: La agresión injustificada, el arresto público, el encarcelamiento en dos ocasiones, la imposición de fianzas excesivas, el continuo discriminación y amenazas también me han causado daños emocionales irreparables como ansiedad, angustia, insomnio y estrés postraumático. Estos daños son previsibles cuando un individuo se ve expuesto a un trato hostil, severo, continuo y constante.

    b. <u>Angustia mental</u>: Continúo sufriendo angustia mental, vergüenza y humillación por el ataque a mi persona y dignidad por parte de los agentes de la policía, jueces y funcionarios del Poder Judicial.

    c. <u>Pérdida de ingresos</u>: Debido a mis lesiones, daños emocionales como ansiedad, angustia, insomnio y estrés postraumático, tuve que suspender mis proyectos personales y actividades diarias por el tiempo y la atención que requiere mi tratamiento médico después de estas difíciles experiencias.

## REQUEST FOR RELIEF

57. WHEREFORE, I most respectfully REQUEST that this Honorable Court render Judgment in my favor and against the defendants, granting compensation for damages no less than $10,000,000 consequential damages, interest, costs, and attorney fees, as well as any other remedy the Court deems proper in law.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on December 27, 2024. 8/Enero/2025

Signature: _____

Name: Billy Crespo Rivera