UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| BILLY CRESPO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:25-cv-01016-JAW |
| | ) |
| FNU PABON-CHARNECO, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER DISMISSING MOTION FOR RECONSIDERATION**

On January 8, 2025, Billy Crespo Rivera, a resident of Cabo Rojo, Puerto Rico, filed a civil action in federal court under 42 U.S.C. § 1983 against Chief Justice Maite D. Oronoz-Rodríguez and thirty-two other judges of the commonwealth of Puerto Rico (collectively, the Defendants), alleging injuries caused by the Defendants' asserted violations of his constitutional rights. *Compl.* (ECF No. 2). Mr. Crespo filed an amended complaint as to all Defendants on February 14, 2025. *Compl.* (ECF No. 6) (*Am. Compl.*).

Mr. Crespo elected to proceed in forma pauperis. *Mot. to Proceed in Forma Pauperis* (ECF No. 1). 28 U.S.C. § 1915(e)(2), which governs matters filed without the prepayment of fees, authorizes courts to conduct a preliminary review of a complaint when a plaintiff proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2). Following such a review of the amended complaint, on March 6, 2025, the Court concluded Mr. Crespo's claims against numerous judges for actions taken as part of their official functions are barred by the doctrine of judicial immunity. *Order of*

*Dismissal After Initial Rev.* at 4 (ECF No. 10) (*Order of Dismissal*). The Court thus ordered the case dismissed because Mr. Crespo "fail[ed] to state a claim on which relief may be granted." *Id.* at 3-5 (citing 28 U.S.C. § 1915(e)(2)(B)).

On March 10, 2025, Mr. Crespo filed a motion for reconsideration. *Mot. for Recons. of the Order of Dismissal After Initial Rev.* (ECF No. 12) (*Pl.'s Mot. for Recons.*). His motion says he received the Court's order of dismissal "with great disappointment and astonishment" and "do[es] not agree with the determination issued by the judge," and thus "request[s] a reconsideration of the decision in the case in question, due to the errors that were not addressed and considered originally and the additional ones that [h]e will present later." *Id.* Mr. Crespo contends the Court did "not consider[] the entire file, nor the merits of the case when responding with a simple, light, arbitrary and general order of dismissal without even giving the opportunity to present the merits of the case in an argumentative view." *Id.* The Plaintiff further states his concern that he is being discriminated against for proceeding without the prepayment of fees. *Id.*

Turning to the grounds for the Court's order of dismissal, namely that Mr. Crespo's amended complaint failed to state a claim on which relief could be granted, he "respectfully submits that the Court's dismissal was based on **an overly broad application of judicial immunity**, which is not absolute in all circumstances," emphasizing that the doctrine includes exceptions for judges acting outside their official capacity or engaging in conduct violative of clearly established constitutional rights. *Id.* at 2 (emphasis in original). He contends that the Defendants' actions

2

"were not purely judicial in nature," and instead "extend[ed] beyond their judicial functions and into the realm of administrative and ministerial duties," such that they should not be protected by judicial immunity. *Id.* at 2-3. Moreover, Mr. Crespo contends the Defendants' actions "were part of a systematic pattern of misconduct that violated Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments," collecting caselaw purportedly establishing a narrower doctrine of judicial immunity than that cited by the Court in its dismissal order. *Id.* at 3-8.

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *Salmon v. Lang*, 57 F.4th 296, 323 (1st Cir. 2022) (quotation omitted); *accord Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) ("Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected"). "To prevail on such a motion, 'a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact.'" *Caribbean Mgmt. Grp., Inc. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014)).

The Court identifies two fatal flaws in Mr. Crespo's motion for reconsideration. First, on the merits, he has not provided the Court with information to convince it that it committed a "manifest error of law or fact" in its order dismissing his amended complaint after initial review. *Caribbean Mgmt. Grp., Inc.*, 966 F.3d at 44-45. As

the Court explained in that order, it is well-established law in this Circuit that "[j]udicial immunity is absolute, and it is broad." *Caldwell v. García*, Civ. No. 24-1380 (GMM), 2024 U.S. Dist. LEXIS 192061, at *3 (D.P.R. Oct. 21, 2024) (citing *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam)). "That is, judicial immunity 'applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive.'" *Id.* (quoting *Cok*, 876 F.2d at 2).

Although Mr. Crespo is now claiming that his complaint alleged that these judges acted outside their judicial capacity, this is not what his amended complaint in fact says. In paragraph two of his sixteen-page amended complaint, he summarizes his allegations:

> This complaint arises under the Constitution and laws of the United States, specifically under 42 U.S.C. § 1983 and 28 U.S. Code § 351, for <u>damages caused during violations of fundamental rights</u>, **discrimination**, **excess and abuse of authority**, <u>violation of due process</u>, <u>negligence and breach of duty</u>, **deprivation of access to justice**, **application of excessive bail**, ***deprived of liberty*** and ***<u>imprisoned on two occasions for being forced to wear a mask to access the court where both the judge and other officials did not use it in the same room that they intended to force me to</u>***, among other crimes and violations by the actors such as magistrates, judges and judges participating in the entire procedural trac[k] of the cases before the chambers and tribunals of the Court of Justice of Puerto Rico. Who violated my civil and constitutional rights, during the judicial process for alleged administrative violations.

*Am. Compl.* ¶ 2 (emphasis in original). In his amended complaint, Mr. Crespo thus expressly alleged that the judges violated his rights "during judicial process," not in acting beyond their judicial duties. *Id.*

4

Furthermore, citing *Pulliam v. Allen*, 466 U.S. 522 (1984), Mr. Crespo is incorrect in asserting that because he alleged that these judges violated his constitutional rights, judicial immunity does not apply. *See Pl.'s Obj.* at 4-5 (citing *Pulliam*, 466 U.S. at 641-42). First, the *Pulliam* case was limited by its own terms to situations where the plaintiff was seeking injunctive and declaratory relief, not monetary damages. *Id.* at 541-42. Here, Mr. Crespo is not requesting injunctive or declaratory relief; he is demanding "no less than $10,000,000 [in] consequential damages." *Am. Compl.* ¶ 57. Second, in 1996, Congress abrogated the Supreme Court's holding in *Pulliam* when it enacted The Federal Courts Improvement Act of 1996. *Adames v. Fagundo*, 198 Fed. Appx. 20, 22 (1st Cir. 2006). Section 1983 now provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Id.* (quoting Pub. L. No. 104-317, 110 Stat. 3847) (codified as amended at 42 U.S.C. § 1983) (1996)). Thus, Mr. Crespo does not have a colorable § 1983 claim for damages against these judges based on their alleged constitutional violations.

Simply put, the only allegations in Mr. Crespo's amended complaint are against judges "for acts taken as part of their judicial functions," and are clearly protected by judicial immunity. *Id.* (citing, e.g., *Verogna v. Johnstone*, 583 F. Supp. 3d 331, 337-38 (D.N.H. 2022), *aff'd*, No. 22-1364, 2022 U.S. App. LEXIS 37681 (1st Cir. Nov. 14, 2022)). Thus, as the Court explained in its March 6, 2025 order, his amended complaint did not plead a claim on which relief could plausibly be granted.

Mr. Crespo's arguments and citations to the contrary in his motion for reconsideration do not convince the Court otherwise.

Moreover, his eight-page motion for reconsideration contains numerous citation errors and fabricated quotations, several of which the Court addresses in this order. First, on page three of his motion, Mr. Crespo purports to quote the First Circuit as holding that a motion for reconsideration is appropriate in cases where the court has "misapprehended the facts or the law." *Pl.'s Mot. for Recons.* at 3 (purportedly quoting *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 (1st Cir. 2005)). While not incorrect as a general statement, that language does not appear within the First Circuit's decision. *See, generally, Marie,* 402 F.3d 1.

His motion further contains numerous alarming miscitations which, if the Court were to rely on them, would mislead the Court on the state of United States Supreme Court and First Circuit precedent. For example, on page three of his motion, Mr. Crespo cites *Kansky v. Coca-Cola Bottling Co. of New England*, 492 F.3d 54, 60 (1st Cir. 2007), as supporting his argument that "reconsideration is warranted when there is newly discovered evidence, a change in the law, or the need to correct a clear error of law or prevent manifest injustice." *Pl.'s Mot. for Recons.* at 3. While that principle is consistent with other holdings from the First Circuit, that holding does not appear within *Kansky*. Indeed, the *Kansky* Court did not discuss a motion for reconsideration even in passing. On page five of his motion, Mr. Crespo says the Supreme Court held in *Pierson v. Ray*, 386 U.S. 547, 554 (1967), that judicial immunity does not extend to actions taken with malice or corruption. That reading

6

is incorrect as a matter of law. The Supreme Court in fact said in *Pierson* that "[judicial] immunity applies even when the judge is accused of acting maliciously and corruptly." *Id.* at 554. Also on page five, Mr. Crespo makes the same assertion regarding the Supreme Court's holding in *Bradley v. Fisher*, 80 U.S. 335, 347 (1871); he avers, in *Bradley*, "the Supreme Court held that judicial immunity does not protect judges who act with malicious intent or corrupt motives." *Pl.'s Mot. for Recons.* at 5. However, *Bradley* does not use this language or make this holding at the page indicated by Mr. Crespo. *See Bradley*, 80 U.S. at 347.

The Court strongly suspects that Mr. Crespo's motion for reconsideration was authored not by him but by some type of Artificial Intelligence (AI) platform. His submission has the earmarks of an AI-produced motion with misleading and factitious citations. Regardless of whether he drafted the motion by himself or used an AI platform, Mr. Crespo has wasted the Court's time by requiring it to check his false and misleading citations, something the Court would not tolerate if done by a licensed attorney-at-law and would subject the attorney to significant sanctions. This is becoming an increasing problem among pro se parties. *See, e.g., UMB Bank, N.A. v. Gauthier*, No. 2:23-cv-00380-JAW, 2025 U.S. Dist. LEXIS 26601 (D. Me. Jan. 16, 2025) (imposing filing restriction under *Cok v. Family Court*, 985 F.2d 32, 34-35 (1st Cir. 1993) for erroneous citations made by a pro se party apparently using an AI platform). The Court warns Mr. Crespo that such filing restrictions may be in the offing if he continues to file such erroneous and misleading documents with the Court.

In the context of his motion for reconsideration, the Court reiterates that it finds wholly unconvincing a submission riddled with such egregious errors.

The Court DISMISSES without prejudice Billy Crespo's Motion for Reconsideration of the Order of Dismissal After Initial Review (ECF No. 12).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2025